# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TERESA G. SHANNON, a citizen and resident of Morgan County, Tennessee,<br><br>Plaintiff,<br><br>v.<br><br>LIFEMAP ASSURANCE COMPANY<br><br>Defendant. | No.: 3:20-cv-123 |

## COMPLAINT

Comes now the Plaintiff, Teresa G. Shannon, by and through counsel, and for cause of action would state as follows:

### JURISDICTION AND VENUE

1. The Plaintiff, Teresa G. Shannon, is a citizen and resident of Morgan County, Tennessee.

2. Defendant LifeMap Assurance Company ("LifeMap") is an insurance company or third-party administrator with a principal office located in South Portland, Maine. LifeMap is a foreign corporation doing significant business within the state of Tennessee. LifeMap may be served through the Commissioner of Insurance located at 500 James Robertson Parkway, Nashville, Tennessee 37243.

At all material times, Defendant acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

3. Upon information and belief, it is alleged that the Defendant was the claims administrator and/or the party obligated to pay benefits and/or to determine eligibility for benefits under the plan.

4. Upon information and belief, it is alleged that the Defendant is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

5. The Plaintiff brings this action to recover benefits due for her long term disability pursuant to the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA §502(e)), and particularly 29 U.S.C. § 1132(a)(1)(B), and 28 U.S.C. § 1337. Plaintiff's claims "related to" an "employee welfare benefits plan" as defined by ERISA and the subject disability benefit plan constitutes a "plan under ERISA." The Plaintiff at all times relevant to this action was a "participant" in the Plan as defined by 29 U.S.C. § 1002(7).

6. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations (29 C.F.R. § 2560.503-1) provide a mechanism for administrative or internal appeal of benefit denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

7. Jurisdiction over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(1).

8. Venue over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(2).

## FACTS AND CAUSE OF ACTION

9. At all times material, Plaintiff worked for Energy Solutions.

10. At all times material, Energy Solutions maintained a fully insured long-term disability plans through Defendant (hereinafter "The Plan") to which Ms. Shannon was entitled to participate.

11. As of December 2009, Plaintiff's medical conditions made it impossible for her to continue working resulting in permanent and total disability.

12. Plaintiff cannot do any work for which she is or can become qualified by reason of her education, experience or training and is not expected to be able to continue such work for the duration of her life.

13. Plaintiff applied for and received benefits under The Plan on February 8, 2010.

14. Despite no evidence of medical improvement, the Defendant wrote Plaintiff denying further benefits past May 8, 2019.

15. On November 6, 2019, Plaintiff timely appealed this denial of benefits.

17. On March 9, 2020, Defendant wrote Plaintiff upholding its previous administrative determination thus exhausting Ms. Shannon's administrative remedies under The Plan.

18. The Defendant LifeMap has acted under a Plan to take advantage of the potential applicability of ERISA to claims.

19. Under the terms of The Plan, Defendant agreed to provide Plaintiff with long-term disability benefits in the event that Plaintiff became disabled as defined by the Plan.

20. Plaintiff is disabled under the terms of the Plan.

21. Defendant failed to provide benefits due under the terms of the Plan, and this

denial of benefits to Plaintiff constitutes a breach of the Plan.

22. The decision to deny benefits was wrong under the terms of the Plan.

23. The decision to deny benefits and decision-making process were arbitrary and capricious.

24. The decision to deny benefits was not supported by substantial evidence in the record.

25. The appellate procedures did not provide the Plaintiff a full and fair review.

26. As an ERISA fiduciary, the Defendant owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest.

27. The Defendant violated the fiduciary duties owed to the Plaintiff.

28. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled to under the Plan, and continued benefits payable while the Plaintiff remains disabled under the terms of the Plan.

WHEREFORE, premises considered, Plaintiff respectfully requests this Honorable Court for the following:

A. A declaration that Defendant has breached their fiduciary duties, responsibilities, and obligations imposed upon it under ERISA.

B. A declaration that Plaintiff is disabled within the meaning of the Plan and is entitled to long term disability benefits from the Plan.

C. Order Defendant to pay Plaintiff back benefits due under the Plan.

D. Order Defendant to pay prejudgment interest at the rate set by law on the disability benefits wrongfully withheld from Plaintiff or, if the amount is greater, order Defendant to pay her the amounts they have earned on the money wrongfully withheld from her as other equitable relief.

E. Order Defendant to pay Plaintiff the costs of her suit and reasonable attorney fees.

F. Grant such other and further relief to which Plaintiff is entitled.

G. Plaintiff further requests that the Court order Defendant to provide to Plaintiff with a bound copy of the ERISA record consecutively paginated.

Respectfully submitted, this 23rd day of March, 2020.

s/ John P. Dreiser
John P. Dreiser (BPR #020743)
Attorney for the Plaintiff
1356 Papermill Pointe Way
Knoxville, TN 37909
(865) 584-1211
